UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOEL BRANTLEY

    Plaintiff,

v.                                                           CIVIL ACTION NO.: H-09-2439

INSPECTORATE AMERICA CORP.,
A Foreign Corporation,

    Defendant.
_____/

## MOTION TO DEEM OPT-IN FILED NUNC PRO TUNC[1]

Plaintiff, JOEL BRANTLEY, on behalf of himself and those similarly situated, moves pursuant to Rules 6 and 20 and 29 U.S.C. Section 216(b) to join PHILLIP POLLEY ("POLLEY") as an opt-in plaintiff to this action, and in support thereof, states:

1. Pursuant to this Court's Order on Plaintiff's Motion for Conditional Class Certification and Authorization to Mail Notice to Potential Class Members [D.E. 43], the deadline to add parties was June 15, 2010 (60 days after the Notice was mailed on April 16, 2010).[2]

2. Opt-In Plaintiff, POLLEY no longer lives at the address the Notice was mailed to, which was provided by the Defendant along with the addresses of all other putative class members.

3. Since, POLLEY no longer resides at his former address, the initial Notice,

---

[1] To the extent the Court requires same, POLLEY can provide a sworn Affidavit. However, in the interest of time, the instant Motion is being filed without same.

sent out on April 16, 2010, was returned to the undersigned "undeliverable."

4. After a public records search, the undersigned subsequently found POLLEY's current address and promptly remailed the Notice and Consent to POLLEY, at his current address.

5. POLLEY promptly signed and dated his Notice upon receipt, prior to the Court's deadline and sent it back to undersigned via U.S. Mail.  However, POLLEY's Consent was received by the undersigned approximately two weeks beyond the deadline initially set by the Court for filing same.

6. Such consent is technically outside of the deadline set by the Court's Order, fifteen (15) days beyond the deadline previously set by the Court.  *See* D.E. 68.[3]

7. In the interest of fairness and judicial economy Plaintiff now moves this Honorable Court to deem this late-filed consent as timely filed in this lawsuit rather necessitating that a second separate action be filed on POLLEY's behalf.

## MEMORANDUM OF LAW

8. Under Fed. R. Civ. P. 20, a person may join an action as a plaintiff if they assert any right to relief arising out of the same transaction or occurrence and that any question of law or fact common to all plaintiffs will arise in the action.  This is such a case.  Plaintiff and the recent opt-in addressed in this Motion were Oil, Gas and Chemical Inspectors ("OGC Inspectors") for Defendant who assert claims for unpaid overtime due to Defendant's alleged illegal "fluctuating workweek" scheme.

---

[2] Based on the language in the Court's Order, opt-in Plaintiff's were required to actually file their consents with the Court by the deadline.

[3] The consent was filed the same day as received by the undersigned in order to preserve as much of the opt-in Plaintiff's statute of limitations.

9. Common questions of law and fact will arise in this action. In fact, POLLEY received the Court-Authorized Notice and Consent Form due to the fact that he is similarly situated to Plaintiff.

10. 29 U.S.C. §216(b) states that similarly situated employees must "opt-in" to an action to recover overtime damages.

11. Here, despite receiving the Notice/Consent well after the initial mailing of same to the putative class members, POLLEY completed his consent form before the deadline set by this Court. Further, his consent was filed only fifteen (15) days beyond the date set by the Court's Order for filing same.

12. Further, the delay in filing POLLEY's consent was unavoidable under the circumstances and not due to any willful disregard of the Notice or this Court's prior Order.

13. This case is in its infant stages, with little discovery having been exchanged to date.

14. Allowing this opt-in Plaintiff to opt-in to this lawsuit will conserve resources of all parties and thus, this Court should include this opt-in in this suit rather than forcing him to file a separate and distinct lawsuit.

15. Defendant has suffered no prejudice by the fifteen (15) day delay in the aforementioned opt-in Plaintiff filing his consent in this case.

16. Under similar circumstances, Courts have frequently granted leave to file late opt-ins' Consents and/or deem them timely filed. *See, e.g., Ruggles v. Wellpoint, Inc.*, 687 F.Supp.2d 30 (N.D.N.Y. 2009); *see also Ayers v. SGS Control Servs., Inc.*,

2007 WL 3171342, at *4-5 (S.D.N.Y. Oct. 9, 2007; *see Robinson-Smith v. Gov't Empl. Ins. Co.*, 424 F.Supp.2d 117, 123-24 (D.D.C. 2006); *Raper v. State of Iowa*, 165 F.R.D. 89, 92 (S.D. Iowa 1996); *see also Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304, 305 (N.D. Ill. 1982).

17.  In light of the short time that elapsed between the Court-set deadline and the filing of the aforementioned consent, the lack of prejudice to Defendant of deeming same filed timely, and in the interest of justice and judicial economy, the Court should grant Plaintiff's instant Motion and accept the late-filed consent as timely filed herein.

**WHEREFORE,** Plaintiff, JOEL BRANTLEY, respectfully requests this Court grant this motion and deem the late-filed opt-in of PHILLIP POLLEY filed nunc pro tunc, and thus timely.

Dated: July 1, 2010


Respectfully submitted,

**/s/ ANDREW FRISCH**
Andrew R. Frisch, Esquire
Morgan & Morgan, P.A.
6824 Griffin Road
Davie, FL 33314
Telephone:     (954) 318-0268
Facsimile:     (954) 333-3515
Email: AFrisch@forthepeople.com

and

BERNIE MAZAHERI
Morgan & Morgan, P.A.
20 N. Orange Avenue
Orlando, FL 32801
Telephone:     (407) 420-1414
Facsimile:     (407) 841-9520

Email: BMazaheri@forthepeople.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing of Plaintiff, JOEL BRANTLEY, on his own behalf and on behalf of those similarly situated, has been served on all counsel of record using the CM/ECF system which I understand will send a notice of electronic filing on this 1st day of July, 2010.

                                          **/s/ ANDREW R. FRISCH**
                                          Andrew R. Frisch, Esquire